UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ELAINE L. CHAO, Secretary of Labor,                          \*
United States Department of Labor,                            \*
                                                             \*
          Plaintiff,                                         \*
                                                             \*
                                                             \*
          v.                                                 \*    CIVIL ACTION FILE NO.
                                                             \*
JOSEPH S. BUSCONE MANAGEMENT, INC.,                          \*    **04-40226**
JOSEPH S. BUSCONE,                                           \*
          and                                                \*
                                                             \*
JOSEPH S. BUSCONE MANAGEMENT, INC.                           \*
     PENSION PLAN,                                           \*
                                                             \*
          Defendants.                                        \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RECEIPT # N|A
AMOUNT $
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK.
DATE 11-1-04

COMPLAINT

Plaintiff, Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

(1)  This action arises under Title I of the Employee Retirement Income Security Act of

1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and is brought to obtain equitable relief, to redress

violations, to obtain restitution from employee benefit plan fiduciaries and parties in interest, and to

obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA, pursuant to

ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

(2)  The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1),

29 U.S.C. § 1132(e)(1).

(3)  Venue with respect to this action lies in the District of Massachusetts pursuant to

ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

(4)  Joseph S. Buscone Management, Inc. ("the company"), a Massachusetts corporation whose office is located at 12 Claudette Drive, Milford, Massachusetts, is in the business of owning and managing real property.  It employs clerical, administrative and maintenance staff.  As such, the company is an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5).

(5)  On January 1, 1998, the company established the Joseph S. Buscone Management, Inc. Pension Plan ("the Plan"), a defined benefit plan providing retirement benefits to participants and beneficiaries.  It is an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).   The Plan is named as a defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure, for the purpose of effectuating complete relief.

(6)   The employees of the management company and the employees of Northside Marina of Sesuit Harbor, a marina located in Dennis, Massachusetts and owned by Joseph S. Buscone, were eligible to participate in the Plan after completing 1,000 hours of service.  The Plan provides, *inter alia*, for a monthly pension payable in the normal form equal to 2.25% of the employee's monthly compensation up to the integration level, multiplied by years of service not in excess of 35 years to the normal retirement date.  The Plan Year runs from January 1 to December 31.

(7)  The company is the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i), and is the named Plan Administrator.  Since its inception, the Plan's sole Trustee has been Joseph S. Buscone ("Buscone"), President and Treasurer of the company.  The company, as Plan Sponsor and Plan Administrator, and Buscone, as Trustee, were, and are, fiduciaries with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

(8)  According to the Plan Document, participants' pension benefits would be computed on the basis of all years of service with the company, up to a maximum of 35 years.

(9)  Defendants Joseph S. Buscone and Joseph S. Buscone Management, Inc. failed to implement the terms of the Plan in that during Plan Years ending December 31, 1999, 2000 and 2001, participant benefit statements and Plan reports showed that all years of service were not being counted toward the calculation of accrued pension benefits, and that the company was, therefore, effectively reducing the amount of funding required for the Plan pursuant to the Plan documents.

(10)  Camilla Amandolare ("Amandolare") was a full-time employee of the company from February 6, 1981 to April 9, 2001. Amandolare was employed at the company office as a property manager, having responsibility for overseeing and renting the company's apartment properties and storage facilities, and otherwise performing the company's day to day clerical and administrative tasks. Amandolare became a participant in the company's pension plan upon establishment of the Plan.

(11)  In July, 1999, Amandolare disputed the calculations for her accrued pension benefit for Plan Year ending December 31, 1999. This calculation was acknowledged as erroneous and corrected by the Plan's third party administrator, Edward F. Boulay of Boulay Consulting Group, Inc. ("Boulay"), in order to reflect all of Amandolare's years of service.

(12)  On March 27 and 28, 2001, Amandolare sent letters to Boulay disputing the calculations for her accrued pension benefit for Plan Years ending December 31, 2000 and 2001, alleging that her accrued benefit amounts were being manipulated to reduce the premiums to be paid on the Plan to the Pension Benefit Guaranty Corporation, and that she had contacted the Department of Labor.

(13)  Amandolare was informed by Buscone and Boulay that all her years of service could not be counted toward the pension benefit accrual, and that her service prior to January 1, 1993

would be disregarded. Amandolare complained to her employer about this change which resulted in a reduced accrued pension benefit.

(14)   No amendments were made to the Plan for the purpose of attempting to limit the number of years of service to post-January 1, 1993 in calculating the pension benefit.

(15)   On April 9, 2001, Amandolare was terminated from her employment with the company.

(16)   Amandolare's termination of employment was motivated by the company's intent to retaliate against Amandolare for complaining about the years of service limitation imposed, the re-calculation of her accrued pension benefits, and the reduced amount of her accrued benefits.

(17)   As a result of the conduct set forth at paragraph 9, Defendants Joseph S. Buscone and Joseph S. Buscone Management, Inc. failed to discharge their fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

(18)   As a result of the conduct set forth at paragraph 9, Defendants Joseph S. Buscone and Joseph S. Buscone Management, Inc. failed to act with prudence and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

(19)   As a result of the conduct set forth at paragraph 9, Defendants Joseph S. Buscone and Joseph S. Buscone Management, Inc. failed to act in accordance with Plan documents, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

(20)   As a result of the conduct set forth at paragraphs 9-16, Defendants Joseph S. Buscone and Joseph S. Buscone Management, Inc. violated ERISA § 510, 29 U.S.C. § 1140, by terminating Amandolare's employment in retaliation for her complaining about their failure to comply with the

Plan Document in properly calculating the accrued pension benefit which resulted in a loss of assets to the Plan.

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining Defendants Joseph S. Buscone and Joseph S. Buscone Management, Inc. from violating, or knowingly participating in violations of, the provisions of ERISA §§ 404 and 510, 29 U.S.C. §§ 1104 and 1140.

(2) Permanently enjoining Defendants Joseph S. Buscone and Joseph S. Buscone Management, Inc. from serving as fiduciaries to the Plan or any other employee benefit plan covered by ERISA;

(3) Requiring Defendants to restore to the Plan any and all losses incurred as a result of breaches of their fiduciary duties and violations they committed or for which they are liable, with appropriate interest;

(4) Requiring Defendants Joseph S. Buscone and Joseph S. Buscone Management, Inc. to pay back wages and benefits, plus appropriate interest, and to reinstate or provide front pay to Amandolare as equitable restitution;

(5) Requiring that the Plan be implemented in accordance with the provisions of the governing Plan documents.

(6) Awarding to the Secretary the costs of this action, and other relief as is equitable and just.

Michael J. Sullivan
United States Attorney
District of Massachusetts
U.S. Courthouse, Suite 9200
One Courthouse Way
Boston, MA 02210

TEL: (617) 748-3974

Howard M. Radzely
Solicitor of Labor


Frank V. McDermott, Jr.
Regional Solicitor

Gail E. Glick
Attorney
Bar # 552442

U.S. Department of Labor
Attorneys for Plaintiff
Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA  02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: October 29, 2004

6

# 04-40226

JS 44 (Rev. 3/99)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is req for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**1. (a) PLAINTIFFS**

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor

**DEFENDANTS**

JOSEPH S. BUSCONE MANAGEMENT, INC.,
JOSEPH S. BUSCONE and JOSEPH S. BUSCONE
MANAGEMENT, INC. PENSION PLAN

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _Worcester_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(C)** Attorney's (Firm Name, Address, and Telephone Number)

Gail E. Glick, Esquire    (617) 565-2500
U.S. Department of Labor - SOL
JFK Federal Building, Room E-375
Boston, MA 02203

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | **PERSONAL INJURY** | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 362 Personal Injury - Med. Malpractice | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | |
| [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| | | | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | | | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [X] 791 Empl. Ret. Inc. Security Act | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | [ ] 871 IRS-Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Title I of the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC §1001 et seq. Obtain equitable relief, redress violations, obtain restitution and to enforce the provisions of Title I of ERISA pursuant to ERISA §§ 502(a)(2) and (5), 29 USC §§1132(a)(2) and (5).

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
October 29, 2004

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**04-40226**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) Elaine L. Chao v. Joseph S. Buscone Management, Inc.,
Joseph S. Buscone and Joseph S. Buscone Management, Inc. Pension Plan

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

[ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

[✓]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

[ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

[ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

[ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]    NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
    YES [ ]    NO [✓]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]    NO [✓]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [✓]    NO [ ]
    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [ ]    Central Division [✓]    Western Division [ ]
    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)
    YES [ ]    NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Gail E. Glick
ADDRESS  U.S. Dept. of Labor, Office of the Solicitor, JFK Federal Bldg., Room E-375, Boston, MA  02203
TELEPHONE NO.  (617) 565-2500

(Coversheetlocal.wpd - 10/17/02)