**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.  04-40226-FDS

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) |
| Plaintiff, | ) ) |
| ` | ) |
| v. | ) ) |
| JOSEPH S. BUSCONE MANAGEMENT, INC., JOSEPH S. BUSCONE, AND JOSEPH S. BUSCONE MANAGEMENT, INC. PENSION PLAN, | ) ) ) ) ) ) |
| Defendants. | ) |

**ANSWER OF DEFENDANTS JOSEPH S. BUSCONE MANAGEMENT, INC.,**
**JOSEPH S. BUSCONE AND JOSEPH S. BUSCONE MANAGEMENT, INC.**
**PENSION PLAN TO COMPLAINT**

Defendants Joseph S. Buscone Management, Inc., Joseph S. Buscone and Joseph

S. Buscone Management, Inc. Pension Plan hereby respond to the allegations contained

in the Complaint of Plaintiff Elaine L. Chao, Secretary of the United States Department

of Labor, as follows:

**FIRST DEFENSE**

(1)     The first paragraph contained in the Complaint is an introductory

statement as to which no response is required; however the Defendants deny the

allegation contained therein to the extent that the introductory statement suggests the

Defendants violated certain ERISA provisions.

(2)     The allegation concerning this Court's jurisdiction over the subject matter

of this litigation states a conclusion of law as to which no answer is required.

(3)    The allegation concerning venue in this action states a conclusion of law as to which no answer is required.

(4)    The Defendants admit that Joseph S. Buscone Management, Inc. (the "Company") is a Massachusetts corporation whose office is located at 12 Claudette Drive, Milford, Massachusetts, that is in the business of owning and managing real property and that it employs clerical, administrative and maintenance staff. The remaining allegations contained in paragraph 4 of the Complaint state a conclusion of law as to which no answer is required.

(5)    The Defendants deny the allegations contained in paragraph 5 as to the date the Company established the Joseph S. Buscone Management, Inc. Pension Plan (the "Plan"). The Plan was adopted in August of 1998 and was made retroactive to January 1, 1998. The remaining allegations contained in paragraph 5 of the Complaint state conclusions of law as to which the Defendants deny.

(6)    The Defendants admit that employees of the management company and the employees of Northside Marina of Sesuit Harbor were eligible to participate in the Plan after completing 1,000 hours of service. The Defendants admit that the Plan provides that the monthly pension would be payable in the normal form equal to 2.25% of the employee's monthly compensation up to the integration level, multiplied by years of service not in excess of 35 years to the normal retirement date and states that the Plan sets forth numerous other terms and conditions. The Defendants admit that the Plan year runs from January 1 until December 31.

(7)    The first sentence of paragraph 7 of the Complaint states a conclusion of law as to which no answer is required. The Defendants admit that Joseph S. Buscone has

2

been the sole trustee of the Plan since its inception. The final sentence in paragraph 7 of the Complaint states a conclusion of law as to which no answer is required.

(8)     The Defendants deny the allegation contained in paragraph 8 of the Complaint.

(9)     The Defendants deny the allegations contained in paragraph 9 of the Complaint.

(10)    The Defendants admit the allegations contained in paragraph 10 of the Complaint.

(11)    The Defendants are without sufficient information to admit or deny the allegation contained in the first sentence of paragraph 11 of the Complaint. The Defendants deny the remaining allegations contained in paragraph 11 of the Complaint.

(12)    The Defendants admit the allegations contained in paragraph 12 of the Complaint that Amandalore sent letters to Boulay but deny the allegations made by Amandalore.

(13)    The Defendants admit the allegation contained in the first sentence of paragraph 13 of the Complaint; however the Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

(14)    The Defendants deny that the Plan had no limitation on the number of years of service and are without sufficient information to admit or deny the remaining allegations contained in paragraph 14 of the Complaint.

(15)    The Defendants admit the allegation contained in paragraph 15 of the Complaint.

(16)    The Defendants deny the allegations contained in paragraph 16 of the Complaint.

(17)    The Defendants deny the allegations contained in paragraph 17 of the Complaint.

(18)    The Defendants deny the allegations contained in paragraph 18 of the Complaint.

(19)    The Defendants deny the allegations contained in paragraph 19 of the Complaint.

(20)    The Defendants deny the allegations contained in paragraph 20 of the Complaint.

WHEREFORE, the Defendants deny that the Plaintiff is entitled to any relief as requested in the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Defendants state that this action is barred by the doctrine of estoppel.

## FOURTH DEFENSE

The Defendants state that this action is barred under the doctrine of laches or by the applicable statute of limitations.

WHEREFORE, Defendants Joseph S. Buscone Management, Inc., Joseph S. Buscone and Joseph S. Buscone Management, Inc. Pension Plan pray that this Honorable Court dismiss the claims against them, deny the relief sought by Plaintiff Elaine L. Chow,

Secretary of the United States Department of Labor, and that the Court grant such other

relief as the Court may deem just and proper.

Respectfully submitted,

DEFENDANTS JOSEPH S. BUSCONE
MANAGEMENT, INC., JOSEPH S. BUSCONE,
AND JOSEPH S. BUSCONE MANAGEMENT
INC. PENSION PLAN,
By their attorney,

Francis M. Lynch, BBO #308570
Keegan Werlin LLP
265 Franklin Street
Boston, Massachusetts 02110-3113
(617) 951-1400

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that I have conferred with counsel of record for each other party
and have attempted in good faith to resolve or narrow the issues related to this action.

Francis M. Lynch, BBO #308750

---

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document(s) was served
upon the attorney of record for each other party by ____ / ____ on
____4-20-05____

Francis M. Lynch

---

5